IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Terry Williams  
Pro se Plaintiff

CA No. _____

Vs.  
Timothy Mosley AKA Timbaland  
Defendant

FILED _____ D.C.

SEP 0 ? 2021

COMPLAINT

Plaintiff TERRY WILLIAMS (hereinafter, the "Plaintiff"), files this Complaint against Timothy Mosley AKA Timbaland (hereinafter Defendant) and in support thereof avers as follows:

I. PRELIMINARY STATEMENT

Plaintiff brings this action against Defendant Mosley for Declaratory Judgment of Copyright Co-Ownership, For An Accounting, Tortious Interference for Economic advantage, Tortious interference with contract, Breach of Fiduciary Duty, and Breach of Covenant, Unjust enrichment and for Constructive Trust, resulting from his use of derivatives of the plaintiff's Copywritten material, "Heartbroken" featured on the Aaliyah, "One in a Million" album, as well as 4 derivative songs featured on the, "4 All the Sistas around Da World" album, recorded by the group SISTA. Plaintiff was and remains the joint owner of the original "Heartbroken" and the originals of the SISTA songs by the writing, producing and composing of the Songs alongside Melissa Elliott A/K/A Missy "Misdemeanor" Elliott ("Elliott"), a now world-renowned R&B and Hip-Hop Music Singer, Rapper, Songwriter and Producer. Defendant, by and through Elliott and/or at Elliott's direction, and or with Elliott's assistance, wrongfully withheld benefits conferred from the use of Plaintiff's and Elliott's "Heartbroken" and 3 additional songs they created, which derivative are featured on Aaliyah's "One in a Million" album (1996), and the SISTA album (1994), without the consent or knowledge of Plaintiff. Defendant wrongfully Deprived Plaintiff of property rights in his and Elliott's joint works, and any ownership interest held therein. Plaintiff respectfully requests this Court to enter judgment against the Defendant upon the following causes of actions.

II. THE PARTIES

Plaintiff TERRY WILLIAMS (hereinafter, "Plaintiff") is an adult individual, Delaware resident. The Plaintiff holds uncontested Copyright via the US Copyright Office, to the Heartbroken song he and Elliott created (SRu001299591 and PAu003884203). The plaintiff also has uncontested Copyright via the US Copyright Office, to several other songs he and Elliott created together (PAu003894328).

Defendant TIMOTHY MOSLEY A/K/A TIMBALAND (hereinafter, "Defendant") is an adult individual renowned record producer residing at 5400 Hammock Dr., Miami Florida, 33156, is Listed on the Music Copyright for the song "Heartbroken" featured on the Aaliyah, "One in a Million" album. (Registration Nos. - PA0000863576, PA0000839400, SR0000226593) and is also Listed as a Copyright Holder for the 4 songs featured on the SISTA album.
On information and belief, at all times material hereto, Elliott and Defendant were in the business of recording, publishing, promoting, distributing, buying, selling, and assigning/ transferring of music and/or music recordings throughout the United States and the world, and acted jointly, severally,

and/or in the alternative, in their joint and several businesses and/or affairs of Warner Music Group Corp., and or Blackground Records.

III. JURISDICTION AND VENUE

This is a civil action seeking damages for Declaratory Judgment of Copyright Co-ownership and for Florida Common Law Violations for Breach of Fiduciary duty/Covenant of Good Faith and Fair Dealing, For an Accounting, Unjust Enrichment/ Quantum Meruit, Constructive Trust, Tortious Interference for Economic advantage, and Tortious interference with Contract against Defendant Mosley.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. §2201- 2202 and 17 U.S.C § 17 et seq.

This Court has jurisdiction over the subject matter of the claims pursuant to 28 U.S.C. § 1332.

The amount in controversy well exceeds $75,000, and the parties reside in different states.

This court has Supplemental Jurisdiction over the state law causes of action pursuant to 28 U.S.C. §§ 1367.

This Court has personal jurisdiction over Defendant Mosley- a resident of Florida.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) because defendant is a resident of Miami, Florida.

IV. STATEMENT OF FACTS

1. At all relevant times, between the years of 1993 and 1996 (hereinafter, the "Studio Period"), Plaintiff owned and operated a music recording studio at 5793 Haddington Lane, Philadelphia, Pennsylvania 19131 (hereinafter, the "Studio"). Plaintiff resided in Philadelphia between the years 1989 and 1998.

2. Regularly, during the Studio Period, Plaintiff worked in the Studio, writing, and recording music, with Melissa Elliott A/K/A/ Missy "Misdemeanor" Elliott (Elliott). Elliott would work in the Studio, alongside Plaintiff, for weeks at a time.

3. Plaintiff and Elliott were equal contributors to the writing of lyrics and music, co-producing several songs composed in the Studio during the Studio Period. The songs were recorded using three (3) TASCAM DA-88, multitrack recording devices that use HIMM8 tape as the recording medium and three (3) ALESIS ADAT, multitrack recording devises that use SVHS tapes or ADATS as the recording medium. The songs were then mixed down to a final mix on Two (2) Track Digital Audio Tapes.

4. In or around the summer of 1995 (hereinafter, the "Summer"), one of the songs created equally by Plaintiff and Elliott was known as "Heartbroken" (hereinafter, the "Song"). (Copyright Registration Nos. SRu001299591 and PAu003884203).

5. Plaintiff made a substantial and valuable contribution to all his and Elliott's joint works in his collection, as a writer, musical engineer, composer, and producer.

6. Elliott made a substantial and valuable contribution to the work as writer, singer/rapper.

7. When Songs were created and recorded in the Studio, Plaintiff kept the master recordings. A cassette was given to Elliott.

8. Plaintiff, by and through his individual contribution, created the material in question, including music and lyrics, which could have been independently copyrighted.

9. The individual contributions of Elliott and Plaintiff in creating the Songs merged into inseparable parts of a musical arrangement and/or sound recording.

10. Plaintiff and Elliott had an agreement (hereinafter, the "Agreement") that all profits derived from sale or exploitation of the songs they created, would be shared equally between Plaintiff and Elliott.

11. Plaintiff has joint material with Ms. Elliott that is not the subject of this action, and within his registered collection, that has been published and where profits were shared equally and credit was given to both plaintiff and Ms. Elliott as writers of the songs (See Copyright Registration No. PA0000896196 – Listing Plaintiff and Elliott as Co- Authors of the published song, Ooh Ooh Baby- published by Motown. In addition, the plaintiff has a registered collection of over 30 songs created jointly with Elliott during the studio period. (Copyright Registration No. PAu003894328, SRu001420953.)

12. In early 1996, Plaintiff and Elliott parted ways and have not been in contact since that time. Plaintiff did not follow the career of his former partner, Elliott.

13. Prior to the studio period and/or thereafter, unbeknownst to Plaintiff and at a time unknown to Plaintiff, Elliott entered into a contract with Defendant jointly, severally, and/or in the alternative, which included the creation of derivatives to Elliott and Plaintiff's joint work, and which transferred and or assigned all Copyrights to Plaintiff and Elliott's joint works, to the Defendant and Elliott.

14. Elliott failed to disclose to Defendant the existence of Plaintiff's property rights in the songs which are jointly composed musical works.

15. In the alternative, Defendant knew, should have known, or with reasonable care and diligence should have known, of Plaintiff's property rights in the musical works, including Plaintiff's rights in the songs.

16. Upon information and belief, Elliott and Defendant have received monetary compensation as a result of the creation of the derivatives to Plaintiff and Elliott's joint works, and or the transfer or assignment of Copyright and or sale of Songs.

17. The song "Heartbroken" on the Aaliyah, "One in a Million" album (PA0000863576, PA0000839400, PA0001066503, and SR0000226593) which is an derivative of Elliott and Plaintiff's copywritten song, "Heartbroken" "1995" (Copyright Registration Nos. SRu001299591 and PAu003884203), was released and sold to the public on the studio album on August 27, 1996. The album was promoted by way of concert in Philadelphia, PA, on August 30, 1997.

18. Similarly, the songs on the SISTA album, namely "Sweat You Down", "Secret Admirer", "I Wanna Know", and "I Wanna Be With U", are derivatives of Plaintiff and Elliott's registered works under The "What? Collection"- "Word is Born", "If Your My Man", and "Got Me High" (PAu003894328, SRu001420953)".

19. The Song "Heartbroken" created by Plaintiff and Elliott and Song "Heartbroken" by Aaliyah are substantially similar in production, musical composition, and lyrics. The chorus in each Song is identical.

20. Songs by Elliott and Plaintiff and songs by SISTA are substantially similar in production, musical composition, and lyrics.

21. Plaintiff did not know, nor did Plaintiff have reason to know, nor was it disclosed by Elliott and or Defendant that his Songs had been recreated and or sold, transferred, or assigned and or exploited for profit..

22. Elliott is credited with Copyright Authorship of Words and Music on the Copyright for the 'Heartbroken' song on the "One in a Million" album, which included the Song as one (1) of seventeen (17) songs featured on the album. The Album was certified double Platinum on June 16,

1997, selling eight (8) million copies worldwide and reaching a peak position of number one (1) on Billboard's US Top Catalog Albums.

23. In or around 2017, Plaintiff contacted Elliott's management team, as a courtesy, to sell his rights to the recordings created and recorded by Plaintiff and Elliott during the Studio Period as aforesaid. Once management contacted Elliott regarding this, Elliott responded to the plaintiff via her personal attorneys.

24. Plaintiff, in reviewing the material with a friend, for the purpose of his sale efforts in 2017, and altering it from analog to digital format for listening convenience, discovered the Heartbroken Song was recorded by Aaliyah and released and sold to the public in an Album.

25. Plaintiff's friend heard the original song for the first time and recognized it as being an "Aaliyah" song.

26. Elliott and Defendant hold copyright interest via the US Copyright Office in the Heartbroken song featured on the Aaliyah One in a Million album.

27. At all relevant times, Plaintiff had joint ownership interest in his and Elliott's Song "Heartbroken". Plaintiff has received no compensation for his interest in Song.

28. Plaintiff and Elliott's song is registered with the copyright office.

29. As such, Plaintiff is entitled to all rightful compensation and profits received by Elliott and Defendant as a result of their use of Plaintiff and Elliott's song Heartbroken and Aaliyah's Song Heartbroken and or any Statutory Damages permitted by law.

30. Additionally, as a result of communication via a conference call (where the plaintiff was party to the call) between the plaintiff's former counsel in this action, and counsel for Elliott along with Elliott's business manager, the plaintiff learned that Elliott was under

contract with Elektra Records, during the Studio Period- which the plaintiff had no knowledge of.

31. Furthermore, in or around February of 2018 after being instructed by Ms. Elliott's business manager, Pat Elliott on the conference call, to contact Elektra Records, the plaintiff discovered that 3 of his songs with Elliott had been rearranged and featured on the, "4 All the Sistas Around Da World", album released by the group SISTA in 1994. Elliott was a member of the group SISTA.

32. Elliott and Defendant Mosley are credited with authorship for the SISTA album.

33. 3 "Three" songs created by plaintiff and Ms. Elliott were used to create 4 "Four" Derivative songs on the SISTA album. It is reported that the album was "shelved" or never released in 1994, however, it is currently being sold on various internet music websites since 2017.

34. At all relevant times, Plaintiff had an ownership interest in the songs used to create the derivatives on the SISTA album, equal to the ownership interest of Elliott. Plaintiff has received no compensation for his interest in these Songs.

35. Plaintiff and Elliott's joint works are registered with the copyright office.

36. As such, Plaintiff is entitled to compensation and profits received by Elliott and Defendant as a result of their use of Plaintiff and Elliott's 3 "Three" aforementioned songs featured in his Copywritten collection as well as the 4 "Four" aforementioned songs featured on the SISTA album and or any Statutory Damages permitted by law.

37. In Nov. 2018, Plaintiff filed suit against Elliott naming defendant Mosley and others claiming Copyright Ownership to the subject derivatives as co-defendants. (See Pennsylvania Eastern District Court Case No. 18:05418 NIQA)

38. On Aug 6, 2020, Elliott filed a declaratory judgment action for sole ownership of plaintiff and Elliotts joint works and form AO 121 with the Southern District of Florida. (See Southern District of Florida Case No. 9:20cv81280 Altman/Brannon)

39. On November 16, 2020, plaintiff filed an operative Fourth amended complaint in the Pennsylvania Eastern District Court against Elliott and codefendants including defendant Mosley.
40. On May 19, 2021, the Southern District of Florida closed Elliott's case and issued a final determination to the US Director of Copyright Office regarding my registrations.
41. On July 23, 2021, the Eastern District of Pennsylvania Dismissed my Fourth Amended Complaint against Mosley for lack of personal jurisdiction. (See Pennsylvania Eastern District Court Case No. 18:05418, DI 145)

42. Considerations of Equitable Tolling exist to toll the time from discovery of my claims to the filing of this lawsuit against defendant Mosley because I am a pro se litigant who sued the defendant in the wrong forum.

WHEREFORE, Plaintiff respectfully requests this Court direct the Defendant to produce all records of revenues and disbursements from the creation of the derivatives, and or assignment transfer or sale of the plaintiff's songs/Copyrights and or from the use of all Songs outlined herein, any fees and/or royalties collected and agreed, as well as any and all distributions made to or at the direction of Elliott relating to the songs outlined herein, from 1994 to the present, and for judgment against the Defendant for an accounting of the monies/profits received by the Defendant due to the exploitation of plaintiff's joint works outlined herein and any actual damages and all profit attributable to the wrongdoing.

Count I - TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE/ TORTIOUS INTERFERENCE WITH CONTRACT/ BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING/ BREACH OF FIDUCIARY DUTY

Paragraphs 1 through 42 and the Wherefore Clause above, are incorporated by reference as though fully set forth herein, as are sections I-III.
43. A valid contract/implied contract existed between Plaintiff and Elliott, and Elliott has a duty to account to her co-owner for any profits derived from exploitation of her and the Plaintiff's joint works.
44. Defendant' exclusive recording agreements and or assignment agreements entered with Elliott or Elliott's affiliates for profit, caused Elliott not to continue and or prevented Elliott from continuing her relations with the Plaintiff as a co-owner of the material.
45. Defendant as Co-Owner via assignment, is in dereliction of his duty to account to his co-owner- the Plaintiff.
46. Defendant has failed to compensate Plaintiff for the exploitation of his jointly owned songs and sound recordings.
47. Defendant has been named in this litigation since Nov. 2018. Defendant while aware of the existence of his exclusive assignments from Elliott and or her affiliates, and the Plaintiff's joint ownership interest in the recordings, has failed in good faith to offer an accounting and compensation to the Plaintiff as his Co-Owner.
48. As a result, Defendant is obligated to Plaintiff in the amount of an equal share of all receipts and/or profits earned from exploiting the co- owned material.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant, including any profits attributable to Plaintiff's ownership interest in the Songs, plus punitive damages and interest, and damages in such amount as may be found or otherwise permitted by law.

## Count II- UNJUST ENRICHMENT/QUANTUM MERUIT

Paragraphs 1 through 48 and the Wherefore Clause above, are incorporated by reference as though fully set forth herein, as are sections I-III.
49. Plaintiff conferred a benefit on the Defendant in creating the original songs.
Defendant acting as aforesaid and/or at the request of and/or on behalf of Elliott appreciated the benefit under the circumstances.
50. Defendant accepted and retained the benefit without payment of value to Plaintiff for the benefit conferred.
51. As a result of conduct described above, Defendant, acting as aforesaid, has been enriched by hundreds of thousands of dollars that rightfully belong to Plaintiff.
WHEREFORE, Plaintiff demands judgment in its favor and against Defendant, jointly and severally, including any profits attributable to Plaintiff's ownership interest in the Song, plus punitive damage, interest, and damages in such amount as may be found or otherwise permitted by law.

## COUNT III – FOR AN ACCOUNTING

Paragraphs 1 through 51 and the Wherefore Clause above, are incorporated by reference as though fully set forth herein, as are sections I-III.
52. Elliott and Plaintiff entered an express or implied contract by which both parties agreed to share in the ownership of, and profits gained from, music created in the Studio during the Studio Period.
53. Elliott breached the contract when Elliott acted without Plaintiff's knowledge and/or failed to share in all benefits conferred to her by the recreation, transfer, assignment, and or sale of the Song to a third party.
54. Elliott received monies whereby the relationship created by the contract and or co-authorship imposed a legal obligation upon Elliott to account to the Plaintiff for monies received by Elliott or created a legal duty upon Elliott to account and Elliott failed to account.
55. In the alternative Elliott breached her fiduciary duty and or the Covenant of Good Faith and Fair Dealing by not accounting to Plaintiff who is the co-owner of the songs in question.
56. Pursuant to equitable doctrines, Copyright Co-owners have the duty to account to their co-owners for their share of profits derived from exploitation of the joint material, and any assignment or transfer between Elliott and the Defendant is Non-Exclusive.
57. Defendant Tortiously Interfered with the Plaintiff and Elliott's Co- ownership relationship. The Defendant in having become co-owners with the Plaintiff via assignment has a legal duty to account and has failed to account.
58. The money that the Defendant accrued to himself as a result of the exploitation of the Songs owned by Plaintiff, should be accounted for a redistribution to Plaintiff.
59. An unknown balance is due from the Defendant for misappropriation of profits and gross receipts arising from and attributable to the Defendant's exploitation of Plaintiff's Songs.
60. As a result of said breach(es), Plaintiff is entitled to an even share of Defendant's profits, in addition to actual damages and punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court direct Defendant to produce all records of revenues and disbursements from the recreation, transfer, assignment and or sale and exploitation of Plaintiffs songs and relevant third parties, any fees and/or royalties collected and agreed, as well as any and all distributions made to or at the direction of Elliott from the sale of the Songs, from 1994 to the present, and for judgment against the Defendant for an accounting of the monies received, plus interest and damages in such amount as may be found or otherwise permitted by law.

## COUNT IV - CONSTRUCTIVE TRUST

Paragraphs 1 through 60 and the Wherefore Clause above, are incorporated by reference as though fully set forth herein, as are sections I-III.

61. By virtue of his wrongful conduct, the Defendant unlawfully received money and benefits that rightfully belong to the Plaintiff.
62. Defendant is an involuntary trustee, holding the gross receipts from his exploitation and profit off the Songs.
63. Defendant hold such moneys and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff.
64. On information and belief, Defendant holds this money in bank accounts, real property, and personal property that can be located and traced.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant, jointly and severally, including any profits attributable to Plaintiff's ownership interest in the Songs, plus interest, and damages in such amount as may be found or otherwise permitted by law.

## COUNT V- DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP (17 U.S.C., et seq.)

Paragraphs 1 through 64 and the Wherefore Clause above, are incorporated by reference as though fully set forth herein, as are sections I-III.

65. This is an action for declaratory relief pursuant to 28 U.S.C. §2201 that Plaintiff Terry Williams Co-authored and is the Co-author of the lyrics, vocal arrangements and melodies and the sole author of the music compositions embodied within the subject Derivative Recordings as well as all of the other recordings in his collection containing the originals.
66. Pursuant to 28 U.S.C. § 2201 and 17 U.S.C. § 101 et seq., this Court may declare the rights and other legal relations of any interested party seeking such declaration, whether further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
67. An actual controversy exists between the parties as to whether Plaintiff is the co- owner of all rights, title and interest in and to the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings. (See my copyrights) Defendant claims ownership rights to what are derivatives of the plaintiff's co-owned songs, and has published the derivatives to the public and profited with no credit or compensation to the plaintiff. Throughout the course of this litigation Elliott has declared that she did not intend to create any joint works with me.
68. The ownership of copyright in sound recordings or musical compositions initially vests with Plaintiff - the author. 17 U.S.C. § 201(a). 57. By virtue of Plaintiff's joint creation and development of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, Plaintiff is the co-owner of all rights, title, and interest in and to the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings.
69. "A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101.
70. Plaintiff and Elliott prepared the lyrics, vocal arrangement and melody contributions with the knowledge and intention that they would be merged with the contributions of Williams (music) as "inseparable or interdependent parts of a unitary whole"
71. Within plaintiff's collection is the song Ooh Ooh Baby, which was published to Taral Hick's first album, "This Time", in 1997. The song lists the plaintiff and Elliott as joint authors of the song. (See

Taral Hick Copyright PA0000896196) In addition to the song Ooh Ooh Baby, the subject recordings and all of the additional songs in the Plaintiff's collections are joint works created with the intention that the plaintiff's and Elliott's contributions would be merged as "inseparable or interdependent parts of a unitary whole."

72. Plaintiff and Elliott intended to be joint authors of several musical works.

73. Plaintiff therefore seeks a judgment declaring that: a. Plaintiff is the co- author of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, in addition to any other recordings the Plaintiff possesses featuring and or cowritten by Elliot. b. Plaintiff did jointly author all of the lyrics, vocal arrangements or melodies in the Recordings and is an equal co-owner in the copyrights in any of the lyrics, vocal arrangements or melodies in the Recordings and does hold an equal undivided interest in the copyrights to the lyrics, vocal arrangements or melodies in the Recordings; c. Elliott has not executed a valid transfer of ownership in copyright with the Plaintiff, to claim sole ownership to the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings; d. Defendant, and his agents, officers, servants, employees, successors and assigns, and all others acting in concert or in privity with the Defendant, are preliminarily and permanently enjoined and restrained from directly or indirectly exploiting any of the Recordings or derivatives thereto, including, without limitation, displaying, reproducing, transferring or distributing the Recordings or derivatives in any respect without compensating the plaintiff, and e. As a result of Plaintiff's joint authorship and co-ownership of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings and other recordings in his collection, any and all assignments, transfers and/or licenses by Elliott, of any of the Recordings and or derivatives thereto are non- exclusive and plaintiff is a co-owner of the derivatives.

74. REQUEST FOR RELIEF: WHEREFORE, Plaintiff, Terry Williams, respectfully requests that this Court enter judgment in his favor and as against the Defendant, as follows: i. That the Court enter a Declaratory Judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Plaintiff is the co-author and co-owner of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, in addition to any recordings Elliott ever made in his home studio featuring the vocal performance of Elliott and or other artists; ii. That the plaintiff jointly authored all of the lyrics, vocal arrangements or melodies in the Recordings and is an equal co-owner in the copyrights of the lyrics, vocal arrangements or melodies in the Recordings and holds an equal undivided interest in the copyright and publishing rights to the lyrics, vocal arrangements or melodies in the Recordings, or with respect to any recordings Elliott ever made in his home studio featuring the vocal performance of Elliott and or other artists; iii. Preliminarily and permanently enjoining and restraining Defendant and his agents, officers, servants, employees, successors and assigns and all others acting in concert or in privity with the Defendant, from directly or indirectly, violating Plaintiff's rights under federal or state law in the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, including, without limitation, reproducing or distributing the Recordings, or any recordings Elliott ever made in his home studio featuring the vocal performance of Elliott or other artists or derivatives thereto without accounting to and compensating the plaintiff; and iv. That the Court grants such other and further relief as this Court deems just, proper, and equitable under the circumstances.

SPOLIATION NOTICE - PRESERVATION OF EVIDENCE
Plaintiff hereby demands and requests that the Defendant take necessary actions to ensure the preservation of all documents, records, communications, whether electronic or otherwise, items and things in Defendant's possession or control, or any entity over which Defendant has control, or from whom Defendant has access to, any documents, items, or things which may in any manner be

relevant to or related to the subject matter of the causes of action and/or the allegations of this complaint.

September 1, 2021

                                                              Respectfully submitted,

                                                                    Terry Williams
                                                                   Pro se Plaintiff
                                                                  105 Persimmon Pl.
                                                                  Bear, DE, 19701

*/s/ Terry Williams*