UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23242-BLOOM/Otazo-Reyes

TERRY WILLIAMS,

    Plaintiff,

v.

TIMOTHY MOSLEY a/k/a TIMBALAND,

    Defendant.
_____/

## ORDER ON MOTION TO STAY

**THIS CAUSE** is before the Court upon Plaintiff Terry Williams' ("Plaintiff" or "Williams") Motion to Stay, ECF No. [15] ("Motion"), filed on December 9, 2021. Defendant Timothy Mosley ("Defendant" or "Mosley") filed a Response in Opposition, ECF No. [17] ("Response"), on December 16, 2021. Pursuant to Local Rule 7.1(c), Plaintiff had until December 23, 2021, to file a Reply to the Response. To date, Plaintiff has failed to file a Reply by the applicable deadline or request an additional extension of time in which to do so. Therefore, the Court considers the merits of the Motion without the benefit of a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

On November 14, 2018, Plaintiff filed a complaint in the Pennsylvania Court of Common Pleas against Mosley, Melissa Arnette Elliott ("Elliott"), and other defendants claiming copyright infringement. *See Williams v. Elliott et al.*, 18-cv-05418-NIQA (E.D. Pa.) ("Pennsylvania Action" or "First-Filed Action"). After Elliott removed the case to the Eastern District of Pennsylvania, the court transferred Plaintiff's claims against five (5) corporate defendants to the District of Delaware

for lack of personal jurisdiction. *See* 18-cv-05418-ECF No. [68]. The court in the District of Delaware stayed the case against the corporate defendants pending the resolution of the Pennsylvania Action pursuant to the first-to-file rule and required Plaintiff to file status updates on the Pennsylvania Action every six (6) months. *See Williams v. Atl. Recording Corp.*, No. 20-00316-RGA, 2021 WL 3403933 (D. Del. Aug. 4, 2021) ("Delaware Action"); *see also* ECF No. [15] at 2.

In the Pennsylvania Action, the court also dismissed all claims against Mosley for lack of personal jurisdiction. *Williams v. Elliott et al.*, No. 18-cv-05418, 2021 WL 3128663, at *2 (E.D. Pa. July 23, 2021). On September 8, 2021, Plaintiff filed the instant case against Mosley in this Court. *See generally* ECF No. [1]. In the Complaint, Plaintiff seeks, among other things, declaratory relief:

> (i) That . . . Plaintiff is the co-author and co-owner of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, in addition to any recordings Elliott ever made in his home studio featuring the vocal performance of Elliott and or other artists;
> (ii) That the plaintiff jointly authored all of the lyrics, vocal arrangements or melodies in the Recordings and is an equal co-owner in the copyrights of the lyrics, vocal arrangements or melodies in the Recordings and holds an equal undivided interest in the copyright and publishing rights to the lyrics, vocal arrangements or melodies in the Recordings, or with respect to any recordings Elliott ever made in his home studio featuring the vocal performance of Elliott and or other artists[.]

*Id.* at 8.

On December 9, 2021, Plaintiff filed the instant Motion to Stay pending the resolution of the declaratory judgment claims in the Pennsylvania Action pursuant to the first-to-file rule. *See* ECF No. [15] at 5. Defendant responds that a transfer is improper because the Eastern District of Pennsylvania lacks personal jurisdiction over Mosley, and that a stay is not appropriate because the final disposition of the Pennsylvania Action will not create conflicting results. *See* ECF No. [17] at 4.

## II. LEGAL STANDARD

The Eleventh Circuit has determined that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citing *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488 (8th Cir. 1990); *Church of Scientology of Cal. v. United States Dep't of Defense,* 611 F.2d 738, 750 (9th Cir. 1979); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982)).

Further, "[t]he first-to-file rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Alhassid v. Bank of Am., N.A.*, No. 14-20484-CIV, 2014 WL 2581355, at *2 (S.D. Fla. June 9, 2014) (citations and internal quotation marks omitted). "The first to file rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Id.* (citations and internal quotation marks omitted); *see also S. Fla. Infectious Diseases & Tropical Med. Ctr., LLC v. Healix Infusion Therapy, Inc.*, No. 07-22836-CIV, 2008 WL 11333648, at *1 (S.D. Fla. Mar. 10, 2008) (citing *Manuel*, 430 F.3d at 1135) (stating that the first-to-file rule is a "discretionary rule").

The Eleventh Circuit requires that "the party objecting to jurisdiction in the first-filed forum carry the burden of proving compelling circumstances to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (citing *Merrill Lynch,* 675 F.2d at 1174).

## III. DISCUSSION

Plaintiff requests a stay until the resolution of the Pennsylvania Action because the issues raised in the Complaint are "similar/identical to the issues raised in [the] operative Fourth

3

Amended complaint in the First Filed action." ECF No. [15] at 4. According to Plaintiff, the "interest of comity" and the risk of "conflicting results" favor staying the case. *Id.* Defendant responds that a transfer is not appropriate because Pennsylvania lacks personal jurisdiction over Defendant, and the final disposition of the Pennsylvania Action will not create conflicting results. *See* ECF No. [17] at 4, 5, n.2. Defendant further argues that the Court should instead dismiss Plaintiff's claims and reiterates arguments raised in Defendant's Motion to Dismiss. *See id.* at 5-11; *see also* ECF No. [13].

Defendant is correct that a transfer to the Eastern District of Pennsylvania pursuant to the first-to-file rule is not appropriate given the lack of personal jurisdiction. *See Navisiontech, Inc. v. Pet Specialties, LLC,* No. 8:18-cv-2643-MSS-JSS, 2019 WL 13020776, at *3 (M.D. Fla. July 8, 2019) (quoting *Am. Home Mortg. Servicing, Inc. v. Triad Guar. Ins. Corp.*, 714 F. Supp. 2d 648, 651 (N.D. Tex. 2010)) (noting that "subject matter jurisdiction, personal jurisdiction, and venue must all properly lie in the transferee court" for a transfer in favor of the first-filed court). Although the Pennsylvania Action was filed before the instant case and although there are overlapping issues and parties, the court in the Pennsylvania Action has already determined that the court has no personal jurisdiction over Mosley. *See Williams v. Elliott*, 2021 WL 3128663, at *2.

However, the Court is not persuaded by Defendant's argument that the Court should deny Plaintiff's request for a stay pending the disposition of the Pennsylvania Action. Defendant's argument is premised on the contention that Plaintiff is only seeking relief regarding derivative works created by Elliott and Mosley in this case, and that there is no risk of conflicting results with the Pennsylvania Action which involves preexisting works created by Elliott and Plaintiff. *See* ECF No. [17] at 5, n.2 ("Any issues regarding the ownership of the alleged preexisting works will be addressed in the Pennsylvania Action. If Plaintiff establishes in the Pennsylvania Action that

4

he is or is not a co-owner of those works with Elliott, then it will have no impact upon the ownership of the derivative works.").

Plaintiff's Complaint seeks declaratory relief regarding the preexisting works. As noted above, Plaintiff seeks declaratory relief:

> (i) That . . . Plaintiff is the co-author and co-owner of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, in addition to any recordings Elliott ever made in his home studio featuring the vocal performance of Elliott and or other artists;
> (ii) That the plaintiff jointly authored all of the lyrics, vocal arrangements or melodies in the Recordings and is an equal co-owner in the copyrights of the lyrics, vocal arrangements or melodies in the Recordings and holds an equal undivided interest in the copyright and publishing rights to the lyrics, vocal arrangements or melodies in the Recordings, or with respect to any recordings Elliott ever made in his home studio featuring the vocal performance of Elliott and or other artists[.]

ECF No. [1] at 8. By its plain terms, Plaintiff's Complaint expressly seeks declaratory relief regarding the preexisting works created by Elliott and Plaintiff. In the Pennsylvania Action, Plaintiff seeks the same declaratory relief regarding the preexisting works. *See* 18-cv-05418-ECF No. [91] at 15-16.

In addition, Plaintiff seeks relief regarding derivative works in the Pennsylvania Action. In the complaint in the Pennsylvania Action, Plaintiff requests that the court enter an order:

> [p]reliminarily and permanently enjoining and restraining all Defendant[s] . . . from directly or indirectly, violating Plaintiff's rights under federal or state law in the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, including, without limitation, reproducing or distributing the Recordings, or any recordings Defendant Elliott ever made in his home studio featuring the vocal performance of Defendant Elliott or other artists or *derivatives* thereto . . . .

18-cv-05418-ECF No. [91] at 6 (emphasis added). The relief regarding the derivative works that Plaintiff seeks in the Pennsylvania Action is the identical relief that Plaintiff seeks in this case. *See* ECF No. [1] at 8. Therefore, pursuant to the first-to-file rule, a stay of this case is appropriate.

Furthermore, even if the Court were to presume that (1) Plaintiff does not seek relief regarding preexisting works or that the claims regarding preexisting works should be dismissed for seeking relief against a non-party (i.e., Elliott); and (2) the Pennsylvania Action does not involve derivative works, a stay is nonetheless *still* appropriate due to the risk of conflicting results. Defendant argues that there is "no possibility of conflicting results no matter [] the outcome of the Pennsylvania Action." ECF No. [17] at 5. However, an inconsistent result would occur if the court in the Pennsylvania Action holds that Plaintiff did not have rights to the preexisting works and this Court determined that Plaintiff did have rights to the derivative works. Put differently, if the court in the Pennsylvania Action held that Plaintiff did not have any rights to the preexisting works, such a holding would effectively foreclose Plaintiff's claims regarding the derivative works and render any holding that Plaintiff is entitled to rights to the derivative works incongruous. Therefore, the first-filed court should determine the rights to the preexisting works before this Court makes a finding regarding the rights to the derivative works.[1]

Lastly, as noted above, the Delaware Action involving the five (5) corporate defendants was also stayed pending the resolution of the Pennsylvania Action. *Williams v. Atl. Recording Corp.*, 2021 WL 3403933, at *4. The court in Delaware recognized that the first-to-file rule was a doctrine of comity and held that "in this case Williams seeks damages from Defendants because he alleges he is a joint author of songs with Elliott and claims he is entitled to share in the revenues generated by those songs. That dispute cannot be resolved until it is determined who is the author

---

[1] To the extent that Defendant argues in his Response that Plaintiff's claims are not meritorious and should be dismissed rather than stayed, the Court notes that such arguments are not pertinent to addressing Plaintiff's Motion to Stay pursuant to the first-to-file rule. The material issue in addressing the Motion to Stay is whether the two cases could result in conflicting results. *See Alhassid v. Bank of Am., N.A.*, No. 14-20484-CIV, 2014 WL 2581355, at *2 (S.D. Fla. June 9, 2014). As noted above, in this case, a conflicting result is possible. Upon lifting of the stay, Defendant may raise similar arguments to dismiss the case in a renewed motion to dismiss.

and/or owner of the songs, an issue that should be decided by the Eastern District of Pennsylvania, as that was the court in which the issue was first raised." *Id.* at *3. This Court similarly considers a stay to be appropriate in the interest of comity.[2]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [15]**, is **GRANTED**.

2. This above-styled case is **STAYED** pending the final resolution of the Pennsylvania Action.

3. Plaintiff shall file a status report on the Pennsylvania Action every **six (6) months**.

4. Plaintiff's request for an extension of time to respond to the Motion to Dismiss is **DENIED AS MOOT**.

5. Defendant's Motion to Dismiss, **ECF No. [13]**, is **DENIED AS MOOT**.

6. The Clerk of Court shall **CLOSE** this case for administrative purposes only.

7. To the extent not otherwise disposed of, all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 29, 2021.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Terry Williams
105 Persimmon Pl.
Bear, DE 19701
PRO SE

---

[2] In the Response, Defendant requests that the Court suspend the Court's Scheduling Order. *See* ECF No. [17] at 11-12. The Court does not need to address the request considering the stay of the instant case.