UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23242-BLOOM/Otazo-Reyes

TERRY WILLIAMS,

     Plaintiff,

v.

TIMOTHY MOSLEY a/k/a TIMBALAND,

     Defendant.

_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Defendant Timothy Mosley's ("Mosley" or "Defendant") Motion for Reconsideration, ECF No. [21] ("Motion"). To date, Plaintiff Terry Williams ("Williams" or "Plaintiff") has not filed a response. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.    BACKGROUND

On November 14, 2018, Plaintiff filed a complaint in the Pennsylvania Court of Common Pleas against Mosley, Melissa Arnette Elliott ("Elliott"), and other defendants claiming copyright infringement. *See Williams v. Elliott et al.*, 18-cv-05418-NIQA (E.D. Pa.) ("Pennsylvania Action" or "First-Filed Action"). After Elliott removed the case to the Eastern District of Pennsylvania, the court transferred Plaintiff's claims against five (5) corporate defendants to the District of Delaware for lack of personal jurisdiction. *See* 18-cv-05418-ECF No. [68]. The court in the District of Delaware stayed the case against the corporate defendants pending the resolution of the Pennsylvania Action pursuant to the first-to-file rule and required Plaintiff to file status updates on

the Pennsylvania Action every six (6) months. *See Williams v. Atl. Recording Corp.*, No. 20-00316-RGA, 2021 WL 3403933 (D. Del. Aug. 4, 2021) ("Delaware Action"); *see also* ECF No. [15] at 2.

In the Pennsylvania Action, the court also dismissed all claims against Mosley for lack of personal jurisdiction. *Williams v. Elliott et al.*, No. 18-cv-05418, 2021 WL 3128663, at *2 (E.D. Pa. July 23, 2021). On September 8, 2021, Plaintiff filed the instant case against Mosley in this Court. *See generally* ECF No. [1]. In the Complaint, Plaintiff seeks, among other things, declaratory relief:

> (i) That . . . Plaintiff is the co-author and co-owner of the lyrics, vocal arrangements and melodies underlying and embodied within the subject Recordings, in addition to any recordings Elliott ever made in his home studio featuring the vocal performance of Elliott and or other artists;
>
> (ii) That the plaintiff jointly authored all of the lyrics, vocal arrangements or melodies in the Recordings and is an equal co-owner in the copyrights of the lyrics, vocal arrangements or melodies in the Recordings and holds an equal undivided interest in the copyright and publishing rights to the lyrics, vocal arrangements or melodies in the Recordings, or with respect to any recordings Elliott ever made in his home studio featuring the vocal performance of Elliott and or other artists[.]

*Id.* at 8.

On December 9, 2021, Plaintiff filed a Motion to Stay pending the resolution of the declaratory judgment claims in the Pennsylvania Action pursuant to the first-to-file rule. *See* ECF No. [15] at 5. Defendant responded that a transfer was improper because the Eastern District of Pennsylvania lacks personal jurisdiction over Mosley, and that a stay was not appropriate because the final disposition of the Pennsylvania Action would not create conflicting results. *See* ECF No. [17] at 4. The Court entered an Order granting the Motion to Stay pursuant to the first-to-file rule. *See* ECF No. [19]. On January 12, 2022, Defendant filed the instant Motion for Reconsideration. *See* ECF No. [21].

## II.     LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala.

2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request").

Similarly, "[a] motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *PaineWebber Income Props. Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D. Fla. 1999) ("A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected and should be applied with finality and with conservation of judicial resources in mind." (internal quotation marks omitted)). Furthermore, a motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

> It is improper for defendant to utilize its Motion to Reconsider as a platform for rearguing (and expounding on) an argument previously considered and rejected in the underlying Order. *See Garrett v. Stanton*, [No. 08-0175-WS-M, 2010 WL 320492, at *2 (S.D. Ala. Jan. 18, 2010)] ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration . . . as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome. This is improper."); *Hughes v. Stryker Sales Corp.*, [No. 08-0655-WS-N, 2010 WL 2608957, at *2] (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court 'got it wrong'").

*Smith v. Norfolk S. Ry. Co.*, No. 10-0643-WS-B, 2011 WL 673944, at *2 (S.D. Ala. Feb. 17, 2011).

Nevertheless, a motion for reconsideration may be "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-cv-61194, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23,

2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## III. DISCUSSION

In the Motion, Defendant argues that there can be no possibility of an inconsistent ruling. *See generally* ECF No. [21]. Defendant avers that the Pennsylvania court will resolve any issues regarding the preexisting works and that this Court need not address the ownership of the preexisting works. *See id.* at 12 ("The dispute concerning the *preexisting works* is not a matter that concerns Defendant, as he claims no entitlement to an ownership interest therein, or to any profits therefrom. That is solely between Plaintiff and Elliott, and Elliott is not before this Court on that issue or any other issue as between Plaintiff and Mosley." (emphasis in original)). As for the derivative works, Defendant contends that if the Pennsylvania court determines that Plaintiff co-owns the preexisting works with Elliott, then Elliott was at liberty to co-author the derivative works with Defendant. *See id.* ¶ 8. If the Pennsylvania court determines that Plaintiff does not co-own the preexisting works, making Elliott the sole owner of the preexisting works, then Plaintiff has no rights in the derivative works. *See id.* According to Defendant, either way, Defendant is not liable to Plaintiff for the derivative works. *See id.*

Upon review, Defendant's Motion is not well-taken, and reconsideration is not warranted under the circumstances of this case. Specifically, the Motion fails to raise any new issues or arguments that support granting the requested relief; rather, the Motion presents nothing more than

its disagreement with the Court's Order. *See Z.K. Marine Inc.*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." (citation and alterations omitted)). This attempt to relitigate issues that the Court previously considered—and rejected—runs afoul of the well-established principle that, "when there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) (internal citation and quotation marks omitted); *see also Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1274 (11th Cir. 2014) (finding that the "district court . . . acted entirely within its sound discretion in denying [the] motion for reconsideration" when the "bulk of [the] motion for reconsideration just reiterated [] already-rejected arguments"). As such, the Motion is improper.

Even so, the Court does not find a basis to disturb its conclusion that a stay is warranted under the first-to-file rule. In the Order, the Court explained that the relief that Plaintiff seeks in the Pennsylvania Action is the identical relief that Plaintiff seeks in this case. *See* ECF No. [19] at 5. As stated in the Court's Order, the Eleventh Circuit has determined that when there are multiple actions involving overlapping issues and parties, the district court should apply the first-filed rule with a view to the dictates of sound judicial administration. *See id.* at 3. (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)). The dictates of sound judicial administration still justify a stay pursuant to the first-to-file rule.

To reiterate, the Court is not persuaded by Defendant's argument that the Court need not consider any claims for declaratory relief regarding the preexisting works. *See* ECF No. [21] at 12. Plaintiff's Complaint clearly seeks declaratory relief regarding the preexisting works in this case,

which is the same relief Plaintiff seeks in the Pennsylvania Action. *See* 18-cv-05418-ECF No. [91] at 15-16; ECF No. [1] at 8. As long as Plaintiff seeks declaratory relief regarding the preexisting works, the Court must address whether Plaintiff is entitled to any rights over the preexisting works. Even if Defendant believes that Plaintiff's claim over the preexisting works fails on procedural or substantive grounds, the Court cannot summarily refuse to address a claim that Plaintiff pleads in his Complaint.[1] Since Plaintiff's claim regarding the preexisting works is already before the Pennsylvania court, the interests of comity and judicial efficiency warrant the application of the first-to-file rule.

As for the derivative works, by focusing only on the impact of the Pennsylvania court's decision on this Court's decision, Defendant fails to consider the impact of this Court's decision on the Pennsylvania court's decision. If Defendant's Motion to Dismiss were granted, as Defendant argues in his Motion for Reconsideration, then Defendant would not be liable to Plaintiff for the derivative works, and this Court's ruling would have no bearing on the Pennsylvania Action. However, if Defendant's Motion to Dismiss were denied, then the Court may eventually determine that Plaintiff is entitled to rights in the derivative works. Any subsequent decision by the Pennsylvania court that Defendant is not entitled to rights in the preexisting works would be incongruous to this Court's decision that Plaintiff is entitled to rights in the derivative works.[2] Defendant's argument that there would be no inconsistency, therefore, relies on this Court ruling on the Motion to Dismiss in Defendant's favor. While Defendant may strongly believe in

---

[1] Further, although Elliott may not be a party to the instant case yet, if the Court were to lift the stay as Defendant argues, then Plaintiff would be entitled to file a motion to amend his complaint to join Elliott. Before the Court imposed the stay, the deadline to amend the pleadings and join parties was February 7, 2022. *See* ECF No. [14].

[2] As Defendant notes, any decision that Plaintiff is not entitled to rights in the preexisting works would "obviously" foreclose Plaintiff's right to the derivative works. *See* ECF No. [21] ¶ 8. As such, it follows that any result to the contrary would be incongruous.

Case No. 21-cv-23242-BLOOM/Otazo-Reyes

his interpretation of the law that forecloses Plaintiff's rights to the derivative works, the Court sees no need to consider the Motion to Dismiss under the presumption that it would grant the Motion to Dismiss, especially since this Court's denial of the Motion to Dismiss upon due consideration would present the Pennsylvania court with the dilemma of entering an inconsistent ruling. The Court refuses to put the cart before the horse in such a manner. Further, as the Court explained in its Order, after the resolution of the Pennsylvania Action, Defendant may raise similar arguments to dismiss this case in a renewed motion to dismiss. *See* ECF No. [19] at 6, n.1. If Defendant's arguments in the Motion to Dismiss are as persuasive on the matter as Defendant argues, then they will be equally persuasive at that time.

The Court finally reiterates that "[t]he first to file rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Alhassid v. Bank of Am., N.A.*, No. 14-20484-CIV, 2014 WL 2581355, at *2 (S.D. Fla. June 9, 2014) (citations and internal quotation marks omitted). Simply put, the first-to-file rule is a "discretionary rule." *S. Fla. Infectious Diseases & Tropical Med. Ctr., LLC v. Healix Infusion Therapy, Inc.*, No. 07-22836-CIV, 2008 WL 11333648, at *1 (S.D. Fla. Mar. 10, 2008) (citing *Manuel*, 430 F.3d at 1135).   The Court exercises its discretion to impose a stay pending the resolution of the Pennsylvania Action.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [21]**, is **DENIED**. The stay shall remain in place.

Case No. 21-cv-23242-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 19, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Terry Williams
105 Persimmon Pl.
Bear, DE 19701
PRO SE